LAWSON v. BEATY

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:LAWSON v. BEATY

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

LAWSON v. BEATY2020 OK CIV APP 8Case Number: 116939Decided: 01/23/2020Mandate Issued: 02/19/2020DIVISION ITHE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2020 OK CIV APP 8, __ P.3d __

JAMES LAWSON, d/b/a LAWSON BAIL BONDS, Plaintiff/Appellant,
v.
VICKI BEATY, SEQUOYAH COUNTY DISTRICT COURT CLERK, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
SEQUOYAH COUNTY, OKLAHOMA

HONORABLE MIKE NORMAN, JUDGE

AFFIRMED IN PART AND REVERSED IN PART

S. Stephen Barnes, BARNES LAW OFFICE, Wewoka, Oklahoma, and Brendon Bridges, BRIDGES LAW FIRM, Eufaula, Oklahoma, for Plaintiff/Appellant,

N. Jack Thorp, District Attorney, Jacob Howell, Assistant District Attorney, SEQUOYAH COUNTY DISTRICT ATTORNEY'S OFFICE, Sallisaw, Oklahoma, for Defendant/Appellee.

ROBERT D. BELL, PRESIDING JUDGE:

¶1 Plaintiff/Appellant, James Lawson, appeals from the trial court's order granting in part and denying in part his petition for injunctive relief against Defendant/Appellee, Vicki Beaty, the District Court Clerk of Sequoyah County. For the reasons set forth below, we affirm in part and reverse in part.

¶2 Plaintiff is the owner/manager of Lawson Bail Bonds, located in Poteau, LeFlore County. He is licensed by the Oklahoma Insurance Commission as a "Multicounty Agent Bondsman." In August 2017, Plaintiff filed the instant action for injunctive relief, alleging Defendant wrongfully (1) refused to publish Plaintiff's name and telephone number with the list of other bondsmen doing business in Sequoyah County, and (2) requires each Multicounty Agent Bondsman who does not have an office situated in Sequoyah County to file a letter of good standing from their home county each time the bondsman executes a bond in Sequoyah County. Plaintiff asserts any letter of good standing is considered by Defendant to be valid for only forty-eight (48) to seventy-two (72) hours after issuance. Because a letter of good standing can only be obtained during the business hours of his "home county" court clerk, Plaintiff urges his Sequoyah County clients are forced to either stay in jail until Plaintiff's "home county" court clerk's office opens or retain the services of another bondsman.

¶3 Central to Plaintiff's claims is §1306.1(D) of the Oklahoma Bail Bondsmen Act, 59 O.S. 2011 §1301 et seq. Pursuant to that subsection, a Multicounty Agent Bondsman is authorized "to execute bail bonds within any county in the State of Oklahoma." Furthermore, nothing in the Act or Insurance Commission regulations require a Multicounty Agent Bondsman to submit a letter of good standing from his/her own county before executing a bond in any other county. Finally, Plaintiff asserts the Oklahoma Insurance Commission maintains a list of bondsmen who are in good standing and authorized to execute bonds state-wide that can be accessed via the internet twenty-four (24) hours a day, seven (7) days a week.

¶4 Defendant testified at the injunction hearing that she relies on a court clerk handbook issued by the Oklahoma Administrative Office of the Courts (AOC) in requiring a letter of good standing from the bondman's home county. The handbook specifically states, "The Court Clerk is urged to require a Letter of Good Standing from the 'mother' county in which the bondsman is registered before allowing a bondsman to write bonds in the county." Defendant conceded that her office had the capability to access bondsman information from the Insurance Commissioner's website.

¶5 At the conclusion of the hearing, the trial court granted in part and denied in part Plaintiff's requested relief. The trial court granted Plaintiff's request that his name and telephone number be published with the list of local bondsmen. However, the court denied Plaintiff's request for injunctive relief prohibiting Defendant from requiring a letter of good standing from Multicounty Agent Bondsmen at the time of executing each bond in Sequoyah County. From the denial of his latter request, Plaintiff now appeals. This appeal proceeds as an appeal from an interlocutory order appealable by right pursuant to 12 O.S. Supp. 2013 §993(A)(2) (order denying injunction) and Oklahoma Supreme Court Rule 1.60, 12 O.S. Supp. 2013, Ch. 15, App. 1.

¶6 In Sharp v. 251st St. Landfill, Inc., 1996 OK 109, 925 P.2d 546, the Court reiterated the standard of review to be utilized here:

Granting or denying injunctive relief is generally within the sound discretion of the trial court and a judgment issuing or refusing to issue an injunction will not be disturbed on appeal unless the lower court has abused its discretion or the decision is clearly against the weight of the evidence. In reviewing the matter, we are not bound by the findings or reasoning of a trial court, but we must consider, examine and weigh all the evidence.

Id. at ¶4 (citations and parentheticals omitted).

¶7 As Plaintiff correctly points out, the AOC handbook relied upon by Defendant is outdated. The handbook page at issue stated not only that court clerks should require a Letter of Good Standing each time an out-of-county bondman writes a bond, it also advises court clerks that a bondsman can write no more than ten (10) bonds per county per year outside of his or her home county. According to a notation at the bottom of the subject handbook page, the handbook - or at least that particular page - was last revised in September 2007. The statutory classification of a Multicounty Agent Bondsman was created by the Oklahoma Legislature in 2014. See, e.g., Laws 2014, c. 53, §1, eff. July 1, 2014 (adding 59 O.S. Supp. 2014 §1301(13) to define "Multicounty agent bondsman"), and Laws 2014, c. 53, §3, eff. July 1, 2014 (adding §1306.1 to Title 59 regulating such bondmen). As previously stated, nothing in the Act requires a Multicounty Agent Bondsman to submit a letter of good standing from his/her own county before executing a bond in any other county. Further, Multicounty Agent Bondsmen were specifically exempted from the ten (10) bond out-of-county limit with the enactment of §1306.1(D).1

¶8 The Court in Dowell v. Pletcher, 2013 OK 39, 304 P.3d 735, held:

The legislature has granted to the Insurance Commissioner the power and authority to administer the Bail Bondsmen Act, which regulates bail bondsmen. Title 59 O.S. § 1302(A) provides:

"The Insurance Commissioner shall have full power and authority to administer the provisions of this act, which regulates bail bondsmen and to that end to adopt, and promulgate rules and regulations to enforce the purposes and provisions of this act. The commissioner may employ and discharge such employees, examiners, counsel, and other such assistants as shall be deemed necessary . . ."

* * *

The legislature has implemented a detailed procedure for the regulation and enforcement of bail bondsmen in Oklahoma, granting broad powers to the Insurance Commissioner to enforce violations of the Bail Bondsmen Act. The role of the Court Clerk in the process has been specified throughout the Act.

Dowell, 2013 OK 39 at ¶¶10 and 15.

¶9 Neither the Act nor Insurance Commission regulations require Plaintiff to submit a letter of good standing from the LeFlore County District Court Clerk before he executes a bond in Sequoyah County. Defendant's imposition of such a policy is unauthorized by law. Accordingly, we reverse that portion of the trial court's judgment that denied Plaintiff's request for an injunction prohibiting Defendant from requiring a letter of good standing from Multicounty Agent Bondsmen at the time of executing a bond in Sequoyah County. The remainder of the trial court's judgment is affirmed.

¶10 AFFIRMED IN PART AND REVERSED IN PART.

BUETTNER, J., and GOREE, J., concur.

FOOTNOTES

1 Bondsmen who are not licensed as a Multicounty Agent Bondsmen continue to be limited to ten (10) out-of-county bonds per county per year. 59 O.S. Supp. 2017 §1320(B).

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Supreme Court Cases
 CiteNameLevel

 1996 OK 109, 925 P.2d 546, 67 OBJ 2930, Sharp v. 251st Street Landfill, Inc.Discussed
 2013 OK 39, 304 P.3d 735, DOWELL v. PLETCHERDiscussed at Length
Title 12. Civil Procedure
 CiteNameLevel

 12 O.S. 993, Appeals from Certain Interlocutory Orders - UndertakingCited
Title 59. Professions and Occupations
 CiteNameLevel

 59 O.S. 1301, DefinitionsDiscussed
 59 O.S. 1302, Power and Authority to Administer Act - Acceptance of Copies of Action, Proceeding, or Finding of Fact - Review of FilesCited
 59 O.S. 1320, Registration Requirement - Certified Copy of Appointment - Limitation on Number of Bonds Written - FeeCited

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA